United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2003**

Charles R. Fulbruge III
Clerk

REVISED JULY 24, 2003
UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-31420
_____

SETH A. BECKER,

    Plaintiff - Intervenor Defendant - Appellee,

       v.

TIDEWATER, INC., ET AL.,

    Defendants,

TIDEWATER INCORPORATED, TWENTY
GRAND OFFSHORE INCORPORATED,
TIDEWATER MARINE, L.L.C.,

    Defendants - Third Party Plaintiffs -
    Intervenor Defendants - Appellees -
    Appellants,

R & B FALCON DRILLING USA, INC.,
PENTAL INSURANCE COMPANY, LTD.,
CERTAIN UNDERWRITERS AT LLOYD'S
INSURANCE CO.,

    Defendants - Appellants,

HYDRA RIG, a division of Tuboscope Vetco
International, L.P.,

    Defendant - Third Party Defendant -
    Third Party Plaintiff - Appellee,

HYDRADYNE HYDRAULICS, INC.,

    Defendant - Third Party Defendant -
    Appellee,

       v.

COFLEXIP STENA OFFSHORE, INC.,

        Defendant - Third Party Defendant
        Appellee,

                    v.

BAKER HUGHES, INC., BAKER HUGHES
OILFIELD OPERATIONS, INC.,

        Defendants - Intervenor Defendants -
        Appellants,
and

BAKER OIL TOOLS, INC., a division of
Baker Hughes Oilfield Operations, Inc.,

        Defendant - Third Party Defendant -
        Intervenor Plaintiff - Third Party Plaintiff -
        Appellant,

BAKER OIL TOOLS, a division of Baker
Hughes Oilfield Operations, Inc.,

        Third Party Defendant - Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana, Lafayette
-----------------------------------------------------------

ON PETITIONS FOR REHEARING AND REHEARING EN BANC

(Opinion 6/19/03, 5th Cir.,_____, _____ F.3d _____)


Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:

The Petitions for Rehearing are DENIED and no member of this panel nor judge in regular active service on the Court having requested that the Court be polled on Rehearing en Banc, (Fed.R.App. P. and 5th Cir. R.35) the Petitions for Rehearing En Banc are also DENIED.

Footnote 11 in the panel opinion dated 6/19/03 is withdrawn and in its place the following language is substituted as footnote 11:

> The other three issues on appeal need not be addressed for the following reasons. First, the issue whether the jury had sufficient evidence to conclude that Falcon was negligent under general maritime law and therefore 5 percent accountable for plaintiff's injuries is now moot because the determination that plaintiff is a seaman was erroneous. Accordingly, Falcon, the owner of Cliffs Rig 153, may have to be pursued under the terms of Section 905(b) of the LHWCA for vessel negligence, not under general maritime law. Second, now that it is established that the LHWCA governs, the question whether Baker must indemnify Tidewater must be considered anew, consistent with the statutory scheme articulated in 33 U.S.C. § 905(b)-(c), given that we have vacated the defendants' liability and it has yet to be determined which defendant, or defendants, may be liable to this plaintiff under the terms of the LHWCA. Also yet to be determined is whether the evidence will show proof of gross negligence by any of the defendants. Finally, the question of whether damages should be remitted is rendered moot as the liability of Baker, Tidewater, and Falcon has been vacated.

*   Judge Dennis is recused in this matter on the basis of his interest in Transocean Sedco Forex, Inc., parent corporation of R&B Falcon Drilling, and therefore did not participate in the consideration of the petition for rehearing en banc.